# EXHIBIT B

Jeffrey Wilson vs. Home Depot U.S.A. Inc.

§
§
§
§
§

Case Type: **Injury or Damage - Other**
Date Filed: **11/09/2020**
Location: **412th District Court**

---

### PARTY INFORMATION

| | | | **Attorneys** |
|---|---|---|---|
| **Defendant** | **Home Depot U.S.A. Inc.** | | **Amy C. Welborn** |
| | | | *Retained* |
| | | | 512-474-4200(W) |
| | | | |
| **Plaintiff** | **Wilson, Jeffrey** | | **David Aziel Garcia** |
| | | | *Retained* |
| | | | 713-444-5060(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 11/09/2020 | Original Petition (1-10 Plaintiffs) (OCA) | | |
| 11/09/2020 | Docket Sheet | | |
| 12/04/2020 | Request | | |
| 12/04/2020 | Citation | | |
| | Home Depot U.S.A. Inc. | Served | 12/08/2020 |
| 12/08/2020 | Service Returned | | |
| 12/28/2020 | Answer | | |

THE STATE OF TEXAS                                                                                CITATION

## Cause No. 110378-CV
## 412th District Court

DELIVERED THIS 8 DAY OF DC
AT 1 31 : 06 AM PM
BY: TCHADENSON
PROFESSIONAL CIVIL PROCESS
INITIALS: A LIC# 1701

TO:   **Home Depot U.S.A. Inc.**                                              Defendant
      **By Serving its Registered Agent**
      **Corporation Service Company**
      **d/b/a CSC-Lawyers Incorporating Service Company**
      **211 E. 7th Street, Suite 620**
      **Austin, Texas  78701**

NOTICE:

      You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition, Request for Disclosure, Rule 193.7 Notice, and Attached Written Discovery** a Default Judgment may be taken against you. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

      The case is presently pending before the **412th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **9th day of November, 2020.** It bears Cause No. **110378-CV** and Styled:

### Jeffrey Wilson
### vs.
### Home Depot U.S.A. Inc.

      The name and address of the Attorney filing this action (or Party, if Pro se) is, **David Aziel Garcia, Dag Law Firm, P.C., 4101 Washington Ave, 1st Floor, Houston, TX  77007.**

      The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

      Issued under my hand and the seal of said Court, at Angleton, Texas, on the **4th day of December, 2020.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____ Deputy
          Sunnye Wingo

Digitally signed by
Sunnye Wingo
Date: 2020.12.04
13:27:44 -06'00'

**Original**

THE STATE OF TEXAS

Return of Service

Cause No. 110378-CV  412th District Court

JEFFREY WILSON
VS.
HOME DEPOT U.S.A. INC.

Home Depot U.S.A. Inc.
By Serving its Registered Agent
Corporation Service Company
d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701

Came to hand on the _____ day of _____, 20____ at _____, o'clock ____.m., and executed in
_____ County, Texas by delivering to each of the within named parties in person, a true copy of this Citation with
the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, Request for Disclosure,
Rule 193.7 Notice, and Attached Written Discovery at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURTHOUSE | MILEAGE |
|------|------|------|---------------------------------------------|---------|
|      |      |      |                                             |         |
|      |      |      |                                             |         |
|      |      |      |                                             |         |

and not executed as to (NAME) _____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy                   $_____        _____, Officer
Mileage: _____ miles @ $_____ per mile    $_____        _____ County, Texas
Total                                       $_____        _____
                                                               Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)
address is _____
                    (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.

_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)

THE STATE OF TEXAS                                                                CITATION

**Cause No. 110378-CV**
**412th District Court**

TO:   **Home Depot U.S.A. Inc.**                                            Defendant
      **By Serving its Registered Agent**
      **Corporation Service Company**
      **d/b/a CSC-Lawyers Incorporating Service Company**
      **211 E. 7th Street, Suite 620**
      **Austin, Texas  78701**

NOTICE:

   You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition, Request for Disclosure, Rule 193.7 Notice, and Attached Written Discovery** a Default Judgment may be taken against you. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

   The case is presently pending before the **412th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **9th day of November, 2020**. It bears Cause No. **110378-CV** and Styled:

**Jeffrey Wilson**
**vs.**
**Home Depot U.S.A. Inc.**

   The name and address of the Attorney filing this action (or Party, if Pro se) is, **David Aziel Garcia, Dag Law Firm, P.C., 4101 Washington Ave, 1st Floor, Houston, TX  77007.**

   The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

   Issued under my hand and the seal of said Court, at Angleton, Texas, on the **4th day of December, 2020.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____ Deputy
            Sunnye Wingo

Digitally signed by
Sunnye Wingo
Date: 2020.12.04 13:27:56
-06'00'

Service Copy

THE STATE OF TEXAS                                                                    CITATION

Return of Service

Cause No. 110378-CV  412th District Court

JEFFREY WILSON
VS.
HOME DEPOT U.S.A. INC.

Home Depot U.S.A. Inc.
By Serving its Registered Agent
Corporation Service Company
d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas  78701

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, Request for Disclosure, Rule 193.7 Notice, and Attached Written Discovery at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURTHOUSE | MILEAGE |
|------|------|------|---------------------------------------------|---------|
|      |      |      |                                             |         |
|      |      |      |                                             |         |
|      |      |      |                                             |         |

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy          $_____          _____, Officer
Mileage: _____ miles @ $_____ per mile   $_____   _____ County, Texas
Total                              $_____          _____
                                                       Deputy/Authorized Person

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                        (First, Middle, Last)
address is_____
                        (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ___ day of _____, 20___.

_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)

Filed for Record
4/3/2020 3:25 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
110378-CV
Cathy Richard, Deputy

CAUSE NO. 110378-CV

| | | |
|---|---|---|
| **JEFFREY WILSON**<br>*Plaintiff,* | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **BRAZORIA COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT U.S.A., INC.**<br>*Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE, AND ATTACHED WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JEFFREY WILSON ("Plaintiff"), complaining of, HOME DEPOT U.S.A., INC. ("Defendant"), and would respectfully show the Court the following:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends to conduct discovery under Level II of the Texas Rules of Civil Procedure 190.4.

### II.
### REQUEST FOR DISCLOSURE

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant disclose, within 50 days of the service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure.  Plaintiff specifically requests the responding party to produce responsive documents at the undersigned law office within 50 days of the service of this request.

### III.
### PARTIES

3.      Plaintiff is a resident of the State of Texas.

4.      Defendant Home Depot U.S.A., INC. is a company doing business in the State of Texas. Defendant's place of business is located at 10111 Broadway Street, Pearland, Texas 77584. Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.
## JURISDICTION & VENUE

5.      The Court has jurisdiction over Defendant because they have either done business in Texas, committed a tort in Texas, and/or have had continuous contacts with Texas. In addition, the damages for which Plaintiff brings suit exceeds the minimal jurisdictional limits of the Court.

6.      Venue is proper in Brazoria County, Texas because it is the county in which all or a substantial part of the events giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1).

## V.
## FACTS

7.      On June 8, 2019, Plaintiff was a customer at a store owned, operated and/or maintained by Defendant located at 10111 Broadway Street, Pearland, Texas 77584, under the name "The Home Depot," when Plaintiff slipped and fell on leaking water and muck. As a result of Defendant's negligence and his fall, Plaintiff suffered serious bodily injuries. This "common areas" condition was unreasonably dangerous and Defendant knew or should have known of this condition. The Defendant failed to remove, reduce and/or warn Plaintiff of this unreasonably dangerous condition. Such failures were a proximate cause of the incident in question.

## VI.
## PREMISES LIABILITY

8.      Plaintiff was a customer on Defendants' premises at all times relevant on June 8, 2019.

2

Defendant owned or was in possession of the premises 10111 Broadway Street, Pearland, Texas 77584 at the time of Plaintiff's injury. Plaintiff was a customer who entered Defendants' premises at Defendants' knowledge for the mutual benefit of the parties. Upon information and/or belief, Defendant knew, or, in the exercise of reasonable care or should have known of the unreasonably dangerous condition, or Defendant created the unreasonably dangerous condition either through acts or the inaction of its employees in its negligent maintenance of the premises, or in its negligent method of operation, and Defendant should have corrected the unreasonably dangerous condition by cleaning the area, securing the area, or warned Plaintiff of its existence. Specifically, Defendant should have maintained the landscaping that would have prevented the foreseeable unreasonably dangerous condition or provided ample warnings that the area where Plaintiff was injured was dangerous to customers.

9.     Defendant had a duty to use ordinary care to ensure the premises did not present a unreasonably dangerous condition to Plaintiff. This duty includes the duty to inspect and safely direct and warn its patrons of potentially unreasonably dangerous conditions. Defendant's breach of duty proximately caused Plaintiff's injuries.

## VII.
## DEFENDANTS' NEGLIGENCE

10.     Defendant owed certain duties to Plaintiff. Defendant breached their duties and were negligent in one or more of the following ways:

     a.  Failing to inspect and maintain the area whereon Plaintiff was injured;

     b.  Failing to implement adequate policies and procedures for the inspection and maintenance of the area wherein Plaintiff was injured;

     c.  Failing to act to protect Plaintiff and the general public from harm;

3

d.  Failing to warn Plaintiff of a potentially unreasonably dangerous condition on the property;

e.  Failing to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm;

f.  Permitting the building in question to remain in an unreasonably dangerous condition;

g.  Failing to adequately secure the area where the incident that made the basis of this lawsuit occurred;

h.  Permitting water to remain stagnant on the floor;

i.  Failing to have policies and procedures in place to locate areas that create a danger to its customers;

j.  Failing to utilize warning sign and hazard signs to notify patrons of an unreasonably dangerous condition; and

k.  Failing to isolate an unreasonably dangerous condition.

11.  Defendant's acts or omissions were a proximate cause of Plaintiff's injuries.

## VIII.
## RESPONDEAT SUPERIOR

12.  Defendant is liable for the torts committed by their employees during the course and scope of their employment. Defendant's employees, while acting within the course and scope of their employment (and in furtherance of Defendant's businesses), had a general duty to exercise reasonable care in performing their work. Defendant's employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant is liable for injuries sustained by Plaintiff.

## IX.
## DAMAGES

13.  Plaintiff individually seeks monetary relief over $3,000,000.00 but less than $5,000,000.00 and demands a judgment for all other relief to which Plaintiff may show himself to be entitled.

4

Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

    a.   The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

    b.   The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

    c.   The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

    d.   The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

    e.   The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

    f.   The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

    g.   The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

    h.   The loss of any earning sustained by Plaintiff in the past, and the loss of reduction of Plaintiff's earning capacity in the future; and

    i.   Lost wages.

## X.
## EXEMPLARY DAMAGES

14.    Defendant failed to adequately train their employees for the job they undertook at the time of the incident that made the basis of this lawsuit. Defendant was grossly negligent in that they had subjective knowledge of the extreme degree of risk involved in this conduct, yet acted with conscious indifference to the rights, safety, and welfare of others. Defendant is liable for exemplary

5

damages due to their own gross negligence. Defendant is also liable for the gross negligence of their vice principals and for the grossly negligent acts of their agents and employees.

## XI.
## PRESERVATION OF EVIDENCE

15.    Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; and item which has been removed from the area where the incident occurred; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, data, or information related to Defendant, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XII.
## REQUEST TO GAIN ENTRY ONTO DEFENDANT'S PROPERTY

16.    Pursuant to Texas Rules of Civil Procedure 196.7(a)(1), Plaintiff requests entry onto Defendant's property located at 10111 Broadway Street, Pearland, Texas 77584.  Plaintiff is willing to work with Defendants to determine an amicable time, place, manner, condition, and scope of the inspection of the property.  Further, Plaintiff is willing to work with Defendant to determine the specific means, manner, and procedure for the entry and inspection of Defendant's property. Plaintiff has no intention to materially alter or destroy any part of Defendant's property.

## XIII.
## RULE 193.7 NOTICE

17.    Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at

any pre-trial proceedings and/or trial of this matter without the necessity of authenticating the produced documents.

## XIV.
## DESIGNATED E-SERVICE EMAIL ADDRESS

18.     The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed, and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Info@DAGLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, for the above reasons, Plaintiff prays he obtains judgment against Defendant, jointly and severally, with interest on the judgment at the legal rate, pre-judgment interest, cost of the court and for such other relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**DAG LAW FIRM, P. C.**

By: _____

David Aziel Garcia
Bar No. 24076395
Tom Landry
Bar No. 24099161
4101 Washington Ave, 1st Floor
Houston, Texas 77007
Tel: (713) 444-5060
Fax: (844) 544-5060
Email: Info@DAGLawFirm.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Texas Rules of Civil Procedure on this the 9th day of November, 2020.

CAUSE NO. 110378-CV

| | | |
|---|---|---|
| JEFFREY WILSON | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff serves the following Request for Production on Defendant in accordance with Rule 196 of the Texas Rules of Civil Procedure. You are to produce all responsive documents at the offices of the undersigned within fifty (50) days after service of these Request for Production.

Respectfully submitted,

**DAG LAW FIRM, P. C.**

By: _____
David Aziel Garcia
Bar No. 24076395
Tom Landry
Bar No. 24099161
4101 Washington Ave, 1st Floor
Houston, Texas 77007
Tel: (713) 444-5060
Fax: (844) 544-5060
Email: Info@DAGLawFirm.com

ATTORNEY FOR PLAINTIFF

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words defined below shall be deemed to have the following meanings unless indicated otherwise in an individual Request or Interrogatory:

**DISCOVERY REQUEST** - The term "discovery request" includes, but is not limited to, an interrogatory, request for production, and request for production of documents.

**YOU** - The terms "you," "your," "yourself" refers to Home Depot U.S.A., Inc., and each and every agent, representative, attorney, employee, contractor, subcontractor or each person acting or purporting to act on its own or Plaintiff's behalf or under its or Plaintiff's control or direction.

**REPRESENTATIVE** - The term "representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the person in question.

**PERSON** - As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments and other units and shall include, but be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, state, governmental agency, commission, bureau or any other entity.

**DOCUMENT** - As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, working paper, chart, paper, print, printout from any and all computer disks, tapes or records that may be produced from a computer or word processor, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control. The term "document" as used herein, further means, without limiting the above, answers to interrogatories, depositions or other discovery material produced, disclosed or made in response to any discovery conducted in any legal proceeding, statements, pleadings, reports, citations or writings of any nature filed with any person or forwarded by any person to Plaintiff and any other writings of any nature, however produced or reproduced, including all drafts and nonidentical copies of such documents. Such term also includes all those "documents" in the possession, custody or control of any attorney or agent of the person or entity from whom discovery is sought. Any copy of any "document" contained therein or attached thereto, any alterations, notes,

2

comments, or other material not included in the originals or copies referred to above shall be deemed a separate document.

**COMMUNICATION** - As used herein, the term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultation, agreements, and all other understandings between or among two or more persons.

**IDENTIFICATION** - As used herein, the terms "identify," "identity" or "identification," when used herein, include but are not limited to the following:

(a)     A natural individual - requires you to state his or her full name and residence and business addresses and telephone numbers;

(b)     A document - requires you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian;

(c)     A communication - requires you, if any of the communication was written, to identify the document or documents which refer to or evidence the communication; and to the portion that was non-written, to identify the person participating in the communication and to state the date, manner, place and substance of the communication; and

(d)     Any other entity - requires you to state the name and residence or business addresses and telephone numbers.

**IDENTIFICATION OF DOCUMENTS** - With respect to each pleading request, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each pleading request and your answer thereto.

If any or all documents identified herein are no longer in your possession, custody or control because of destruction, loss, or any other reason, then do the following with respect to each and every document:

(a)     Describe the nature of the document;

(b)     State the date of the document;

(c)     Identify the persons who sent and/or received the original and/or a copy of the document;

(d)     State in as much detail as possible the contents of the document; and

(e)     State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney/client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document:

(a)     Describe the nature of the document;

(b)     State the date of the document;

(c)     Identify the person who sent and received the original and a copy of the document;

(d)     State the subject matter of the document; and

(e)     State the basis upon which you contend you are entitled to withhold the document from production.

**CONTENTION INTERROGATORIES** - When a pleading or request requires you to "state the basis of" a particular claim, contention or allegation, state in your answer the identity of each and every communication, document and each and every legal theory that you contend supports, refers to, or evidences such claim, contention or allegation.

**THE WORD "OR"** - As used herein, the word "or" appearing in a discovery request should not be read so as to eliminate any part of the request but, whenever applicable, it should be interpreted as "and/or." For example, an interrogatory stating "support or refer" should be read as "support and/or refer" if an answer that does both can be made.

**ALL DOCUMENTS** - When a request states "all documents" as used herein, this request means and includes any and all documents in the possession, custody or control of any person or persons named in such request and all documents in the possession, custody or control of any attorney representative for such person or persons that were prepared or made therefore.

**USE OF DEFINITIONS** - The use of any particular gender in the plural or singular number of the words defined under the "Captions" or "Definitions" is intended to include the appropriate gender or number as the text of any particular interrogatory or demand for documents may require.

4

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT</u>

1.   All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

2.   All photographs taken of the scene of the incident or the surrounding area of the scene of the incident in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

3.   All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

4.   All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

5.   All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the incident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

6.   All written statements made by the Plaintiff in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

7.   All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

8.      All written statements made by the Defendant's employees and/or managers in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

**Response:**

9.      All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**Response:**

10.     A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

**Response:**

11.     Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, Defendant's attorney or anyone acting on the Defendant's behalf, as a result of the incident which has been made the basis of Plaintiff's lawsuit.

**Response:**

12.     Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the incident made the basis of Plaintiff's lawsuit.

**Response:**

13.     Any and all safety manuals or materials Defendant expected its employees to comply with prior to the incident that made the basis of this lawsuit.

**Response:**

14.     Any and all safety documents given to Defendant's employees.  Please note, this request is limited to the ten (10) years prior to the incident that made the basis of this lawsuit until the present.

**Response:**

15.     Any and all documentation relating the upkeep and/or maintenance of Defendant's

6

business. Please note, this request is limited to the ten (10) years prior to the incident that made the basis of this lawsuit until the present.

**Response:**

16.   Any and all documents in Defendant's possession relating to individuals or companies that have performed maintenance or performed upkeep on Defendant's premises.

**Response:**

17.   Any and all written complaints regarding mucky common areas and/or concrete on Defendant's premises.

**Response:**

18.   Any and all oral complaints regarding muddy common areas and/or concrete on Defendant's premises.

**Response:**

19.   Any and all documents relating to any injuries sustained by Defendant's employees on Defendant's premises.

**Response:**

20.   Any and all documentation relating to any maintenance performed in the floors located on Defendant's premises since the incident that made the basis of this lawsuit's occurrence.

**Response:**

21.   Please provide Defendant's policies and procedures relating to customer safety on Defendant's premises. This request is limited to the policy and procedures in effect at the time of the incident that made the basis of this lawsuit.

**Response:**

22.   Please provide Defendant's policies and procedures relating to the maintenance and upkeep of Defendant's premises. This request is limited to the policies and procedures in effect at the time of the incident that made the basis of this lawsuit. Further, this request is limited to the maintenance and upkeep performed inside Defendant's property.

**Response:**

23.   Defendant's safety manuals or materials prepared or given to Defendant's employees for

7

safety in the workplace or any area located inside Defendant's property. Please note, this request is limited to the ten (10) years prior to the incident that made the basis of this lawsuit until the present.

**Response:**

24.     Defendant's safety documents or materials given to Defendant's employees. This request includes any videotaped demonstration provided for employee safety. Please note, this request is limited to the ten (10) years prior to the incident that made the basis of this lawsuit until the present.

**Response:**

25.     Any and all logs, reports, memorandums or documentation relating to OHSA compliance. Please note, this request includes but is not limited to safety complaints, safety violations and actions taken to comply with OHSA safety standards. Please note, this request is limited to the ten (10) years prior to the incident that made the basis of this lawsuit until the present.

**Response:**

26.     Any and all documents or materials provided to Defendant from OHSA or any other organization regulating safety in the workplace. Please note, this request is limited to the ten (10) years prior to the incident that made the basis of this lawsuit until the present.

**Response:**

27.     Please provide documents showing Defendant's net worth. This request is limited to the three years prior to the incident that made the basis of this lawsuit until the present.

**Response:**

28.     Produce all documents or reports that you possess of any incidents occurring within the last five years on the premises involved in the incident that made the basis of this lawsuit.

**Response:**

29.     Produce all documents that pertain to the ownership of the premises involved in the incident that made the basis of this lawsuit.

**Response:**

30.     Produce all documents relating to any agreements employing a maintenance company to service your premises.

8

**Response:**

31.  Produce all documents relating to the employees or agents of defendant who were in charge of the premises at the time of the incident.

**Response:**

32.  Produce all documents that defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding premises liability in which defendant has been involved.

**Response:**

33.  Produce all surveillance videos and any other recording used at the premises on the date of the incident that made the basis of this lawsuit.

**Response:**

34.  Plaintiff, under Texas Rule of Civil Procedure 196.7, requests that defendant permit an employee of DAG Law Firm to enter defendant's premises at 10111 Broadway Street, Pearland, Texas 77584, to inspect, measure, survey, photograph, videotape, test, or sample the land. Plaintiff further requests that such entry and inspection take place at a time agreed upon and convenient for both parties to this suit.

**Response:**

CAUSE NO. 110378-CV _____

| | | |
|---|---|---|
| JEFFREY WILSON<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC.<br>*Defendants.* | § | |
| | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff in the above-styled and numbered cause, in accordance with Rule 198 of the Texas Rules of Civil Procedure files the following Requests for Admissions. You are instructed to respond within fifty (50) days after service of these Requests for Admission.

Respectfully submitted,

**DAG LAW FIRM, P. C.**

By: _____

David Aziel Garcia
Bar No. 24076395
Tom Landry
Bar No. 24099161
4101 Washington Ave, 1st Floor
Houston, Texas 77007
Tel: (713) 444-5060
Fax: (844) 544-5060
Email: Info@DAGLawFirm.com

ATTORNEY FOR PLAINTIFF

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

You are hereby requested to admit or deny the following statements of fact under oath.  If Defendant denies the statements of fact, Defendant shall specifically deny the matter requested or shall set forth, in detail, the reasons that Defendant cannot truthfully admit or deny the matter.  You are notified that your responses to these Request for Admissions must be answered truthfully and you must respond within the thirty days after service of these requests as provided by the Texas Rules of Civil Procedure.  **Defendant is not permitted to launch boilerplate objections in Request for Admissions. Defendant's answers should be confined to "Admit" or "Denied." Failure to answer appropriately will result in the filing of a Motion to Deem Answers Admitted and/or Motion to Compel with the Court.** The Requests for Admissions are as follow

### REQUESTS FOR ADMISSIONS TO DEFENDANT

1.  Admit your company name is properly listed in the style of this suit.

    **Response:**

2.  Admit your company name is not properly listed in the style of this suit.

    **Response:**

3.  Admit Defendant owned the premises located at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

    **Response:**

4.  Admit Defendant did not own the premises located at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

    **Response:**

5.  Admit Defendant had control of the premises located at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

2

**Response:**

6. Admit Defendant did not have control of the premises located at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

**Response:**

7. Admit that Defendant leased the premises at the time of the incident that made the basis of this lawsuit.

**Response:**

8. Admit that Defendant did not lease the premises at the time of the incident that made the basis of this lawsuit.

**Response:**

9. Admit that Defendant was in charge of maintaining the premises at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

**Response:**

10. Admit that Defendant was not in charge of maintaining the premises at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

**Response:**

11. Admit that Defendant, at the time of the incident that made the basis of this lawsuit, Defendant contracted with a third-party company to maintain its premises located at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

**Response:**

12. Admit that Defendant, at the time of the incident that made the basis of this lawsuit, Defendant had not contracted with a third-party company to maintain its premises located at 10111 Broadway Street, Pearland, Texas 77584 at the time of the incident that made the basis of this lawsuit.

**Response:**

13. Admit that Defendant maintains its floors on its premises located at 10111 Broadway Street, Pearland, Texas 77584 with the assistance of a third-party company.

3

**Response:**

14. Admit that Defendant does not maintain its floors on its premises located at 10111 Broadway Street, Pearland, Texas 77584 with the assistance of a third party company.

**Response:**

15. Admit that Defendant's business was open to the public at the time of the incident that made the basis of this lawsuit.

**Response:**

16. Admit that Defendant's business was not open to the public at the time of the incident that made the basis of this lawsuit.

**Response:**

17. Admit that Plaintiff was lawfully on Defendant's premises at the time of the incident that made the basis of this lawsuit.

**Response:**

18. Admit that Plaintiff was not lawfully on Defendant's premises at the time of the incident that made the basis of this lawsuit.

**Response:**

19. Admit that Plaintiff was Defendant's resident at the time of the incident that made the basis of this lawsuit.

**Response:**

20. Admit that Plaintiff was not Defendant's resident at the time of the incident that made the basis of this lawsuit.

**Response:**

21. Admit that Plaintiff was trespassing at the time of the incident that made the basis of this lawsuit.

**Response:**

22. Admit that Plaintiff was not trespassing at the time of the incident that made the basis of this lawsuit.

4

**Response:**

23. Admit that, Defendant has photographs of Plaintiff's fall on the premises located at 10111 Broadway Street, Pearland, Texas 77584 on or about June 8, 2019.

**Response:**

24. Admit that, Defendant has surveillance video of Plaintiff's fall on the premises located at 10111 Broadway Street, Pearland, Texas 77584 on or about June 8, 2019.

**Response:**

25. Admit that, Defendant or Defendant's employees, officers, or agents created an incident or accident report concerning the incident made the basis of this suit.

**Response:**

26. Admit that, Defendant is responsible for maintaining the floors of Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584.

**Response:**

27. Admit that, Defendant has written policies and procedures, employee handbooks, and safety manuals that were supposed to be followed by Defendant's employees on the day of the incident that made the basis of this lawsuit.

**Response:**

28. Admit that, on the day of the incident that made the basis of this lawsuit, slip hazards on floors on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584 was the subject of at least one resident complaint.

**Response:**

29. Admit that, on the day of the incident that made the basis of this lawsuit, slip hazards on floors on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584 was not the subject of any resident complaint.

**Response:**

30. Admit that, on the day of the incident that made the basis of this lawsuit, Defendant was aware that the floor was wet/mucky on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584.

5

**Response:**

31. Admit that, on the day of the incident that made the basis of this lawsuit, Defendant was not made aware that the floor was wet/mucky on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584.

**Response:**

32. Admit that, prior to the incident that made the basis of this lawsuit, Defendant prohibited customer entry into the areas where the floor was wet/mucky on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584.

**Response:**

33. Admit that, prior to the incident that made the basis of this lawsuit, Defendant did not prohibit resident entry into the areas where the floor was wet/mucky on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584.

**Response:**

34. Admit that, prior to the incident that made the basis of this lawsuit, Defendant put up warning signs to warn its customers of a dangerous condition located in the areas where the floor was wet/mucky on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584.

**Response:**

35. Admit that, prior to the incident that made the basis of this lawsuit, Defendant did not put up warning signs to warn its residents of a dangerous condition located in the areas where the floor was wet/mucky on Defendant's premises located at 10111 Broadway Street, Pearland, Texas 77584.

**Response:**

36. Admit that, as a result of the incident that made the basis of this lawsuit, Defendant has reprimanded and/or punished at least one of its employees for their role in the incident that made the basis of this lawsuit.

**Response:**

37. Admit that, as a result of the incident that made the basis of this lawsuit, Defendant has not reprimanded and/or punished at least one of its employees for their role in the incident that made the basis of this lawsuit.

6

**Response:**

38. Admit that Defendant has paid for medical charges associated with Plaintiff's bodily injuries following the incident that made the basis of this lawsuit.

    **Response:**

39. Admit that Defendant has not paid for medical charges associated with Plaintiff's bodily injuries following the incident that made the basis of this lawsuit.

    **Response:**

7

CAUSE NO. 110378-CV

| | | |
|---|---|---|
| JEFFREY WILSON | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 197, Plaintiff, Jeffrey Wilson, requests that Defendant, Home Depot U.S.A., Inc. answer under oath the following Interrogatories, separately, fully, and in writing, and that answers hereto be served on Plaintiff at the office of the undersigned counsel within fifty (50) days after service of these Interrogatories.

Respectfully submitted,

**DAG LAW FIRM, P. C.**

By:_____
David Aziel Garcia
Bar No. 24076395
Tom Landry
Bar No. 24099161
4101 Washington Ave, 1st Floor
Houston, Texas 77007
Tel: (713) 444-5060
Fax: (844) 544-5060
Email: Info@DAGLawFirm.com

ATTORNEY FOR PLAINTIFF

–1–

## INSTRUCTIONS

1.      In answering the following interrogatories, please furnish all information, however obtained, including hearsay, that is available to you, and information known by or in possession of yourself, your agents, and your attorneys, or appearing in your records.

2.      If you cannot answer any of the interrogatories in full after exercising due diligence to secure responsive information, so state in your answer, and fully answer the remainder, disclosing whatever information or knowledge you have concerning the unanswered portion and detailing what you attempted to do in order to secure the unknown information.

3.      For any information requested about a document that no longer exists or that cannot be located, please identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      If any information is being withheld under any claim of privilege, protection, or immunity, please state with specificity the particular privilege, protection, or immunity asserted. *See* Texas Rule of Civil Procedure 193.3.  For any such information withheld on the basis of privilege, protection or immunity, please provide the following information:

    a.      the type of information;

    b.      the date the information was prepared, and the date of any meeting or conversation reflected or referred to therein;

    c.      the name of each author, co-author, or preparer of any document and the name of each recipient or addressee, including each recipient of a copy thereof;

    d.      the subject matter of the information;

    e.      the nature of the privilege asserted; and

    f.      a brief explanation of why the information is believed to be privileged.

5.      Unless otherwise indicated in a particular interrogatory, the discovery requested relates to the period of June 8, 2019 through the present. When identifying documents, all documents, data compilations, and recordings whenever actually prepared or generated that relate to this time period are to be identified.

6.      You are under a duty to supplement your answers to interrogatories if you discover they were incomplete or incorrect when made, or if you discover that they are no longer complete and correct.  Supplementation must be made reasonably promptly after you discover the need for supplementation.

–2–

## **DEFINITIONS**

The following definitions shall have the following meanings, unless the context requires otherwise:

1.     "This Defendant" shall mean Home Depot U.S.A., Inc. and its current and former members, managers, employees, agents, attorneys, representatives and/or any other persons or entities acting or purporting to act with authority on its behalf, whether authorized to do so or not.

2.     The words "you" or "yours" shall mean Home Depot U.S.A., Inc. and its current and former members, managers, employees, agents, attorneys, representatives and/or any other persons or entities acting or purporting to act with authority on its behalf, whether authorized to do so or not.

3.     "Document" or "documents" means all written, typed, or printed matters, and all magnetic, electronic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contacts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you. A document or tangible item is within your control if you have a right to compel a third party to produce it to you.

4.     "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating and organizing documents.

5.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6.     "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

7.     "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.     "Communication" means any oral or written communication of which Defendant has knowledge, information or belief, including electronic mail.

–3–

9.      "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

10.     "Describe" and "identify," when referring to a person, are defined to require that you state the following:

a.      The full name;

b.      The present and last known residential address;

c.      The present or last known residential and office telephone numbers;

d.      The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request; and

e.      In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11.     "Describe" and "identify," when referring to a document, are defined to require that you state the following:

a.      The nature (e.g., letter, handwritten note) of the document;

b.      The title or heading that appears on the document;

c.      The date of the document and the date of each addendum, supplement, or other addition or change;

d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

e.      The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

12.     Whenever the phrase "substantially similar occurrence" is used, it refers to occasions in which it was alleged or reported that a customer, client, employee, invitee, licensee or other person was injured involving the electronic doors at issue in this case.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1.  Please identify each person who answered these interrogatories, who assisted in answering, or provided information upon which the answers to these interrogatories are based.

2.  Please describe every act of negligence, if any, that you contend the Plaintiff committed that was a proximate cause of Plaintiff's injuries forming the basis of this suit as set out in Plaintiff's Original Petition and state the factual basis for your contention.

3.  Identify in detail the substance of all communications, if any, that occurred between Plaintiff and Defendant relating to the incident in question. (Please note, in answering this interrogatory, please state whether each such communication was made orally or in writing; the participants to each communication; the approximate date or dates of such communications; and the names and addresses of all persons who may have been present or otherwise heard the communications).

4.  State specifically and in detail your understanding of how the incident giving rise to the lawsuit occurred, including descriptions of any negligent act or omission by persons (including but not limited to Plaintiff) you believe to be responsible, in whole or in part, for the incident.

5.  Please describe every substantially similar occurrence at your apartment complex in the past ten (10) years. For each such occurrence, please list when the incident happened, where it happened, describe in detail what happened and whether any complaints were filed and if so with whom, what the legal disposition of any complaints arising out of the occurrence was, and the name, telephone number, and address of any person involved in the occurrence, complaint, or claim. This interrogatory includes but is not limited to any instances in which a person (including employees filing workers' compensation claims) alleged personal injury arising from an incident in your store.

6.  Please provide the names, addresses, telephone numbers, job titles, and job descriptions of all your employees who worked on the premises in question on the date of the incident that made the basis of this lawsuit.

7.  If you contend something other than your own negligence or a defect on your premises caused Plaintiff's injury, please explain in detail what caused Plaintiff's injury and why you are not responsible for the injuries.

8.  Please identify and describe in detail any procedures you have for dealing with a report of a dangerous condition on your premises. Please note, this interrogatory is only concerned with procedures you had in place at the time of Plaintiff's injury. Please state whether you complied with these procedures on the day of the incident in question.

9.  Please identify and describe in detail any action you took upon learning of Plaintiff's injuries.

10. Please identify, by title, any and all safety documents that Defendant provides to its employees. This includes, but is not limited to, any safety policies and procedure, employee manuals and employee handbooks. Please note, this interrogatory is only concerned with the safety material that was in effect at the time of the incident that made the basis of this lawsuit.

THE STATE OF TEXAS   &

COUNTY OF   BRAZORIA   &

## <u>VERIFICATION</u>

BEFORE ME, the undersigned authority, on this day personally appeared, _____, who, after having been duly sworn, deposed as follows:

"My name is _____. I am at least 18 years of age and of sound mind. I am personally acquainted with the information stated in the attached responses to interrogatories. I hereby swear that the statements in support of those responses to interrogatories are true and correct.

_____

HOME DEPOT U.S.A., INC.

SWORN TO AND SUBSCRIBED before me, _____, Notary Public, on this day, appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ____ day of _____, 2020.

[Seal]

_____

**Notary Public, State of Texas**

Filed for Record
12/28/2020 9:47 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
110378-CV
Sunnye Wingo, Deputy

CAUSE NO. 110378-CV

| | | |
|---|---|---|
| JEFFFREY WILSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | 412th JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. | § | |
| Defendant. | § | BRAZORIA COUNTY, TEXAS |

## <u>DEFENDANT HOME DEPOT U.SA., INC.'S ORIGINAL ANSWER</u><br><u>TO PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein) in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### I.
### <u>GENERAL DENIAL</u>

1.　　Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

### II.
### <u>AFFIRMATIVE DEFENSES</u>

2.　　By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.　　Plaintiff's injuries and damages, if any, were unavoidable, were the result of preexisting injuries or conditions, were the result of natural and ordinary diseases of life or were caused in whole or in part by "acts of God" or environmental or other factors over which Defendant had no control.

4.      Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

5.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

6.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

7.      Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

8.      Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

9.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

10.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's

medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

11.     To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

12.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

13.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

14.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

15.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

16.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

17.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

18.     The alleged condition complained of by the Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

19.     Defendant asserts the defense of unavoidable accident. The damages Plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By:     /s/ *Amy Welborn*

**TROY D. HELLING**
State Bar No. 24007340
thelling@hpylaw.com
**AMY WELBORN**
State Bar No. 24012853
awelborn@hpylaw.com

4514 Cole Ave., Suite 500
Dallas, TX 75205
         -AND-
2705 Bee Caves Road, Suite 220
Austin, Texas 78746

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 28th day of December 2020.

David Aziel Garcia
Tom Landry
info@DAGLawFirm.com
DAG Law Firm P.C.
4101 Washington Ave, 1st Floor
Houston, Texas 77007